**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| VERNON ANTHONY,<br><br>Plaintiff,<br>v.<br><br>AFFILIATED COMPUTER SERVICES, INC.,<br><br>Defendants. | 3:12-CV-00964 (CSH)<br><br>APRIL 2, 2014 |

**RULING ON APPLICATION TO VACATE AND CROSS APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD**

**HAIGHT, Senior District Judge:**

Plaintiff Vernon Anthony, filed this action against Defendant Xerox Business Services, LLC ("XBS"), formerly Affiliated Computer Services, Inc., in the Connecticut New Britain Judicial District. Plaintiff seeks to vacate the award rendered in an arbitration between the parties. Plaintiff alleges that the arbitrator exceeded her powers under 9 U.S.C. § 10(a)(4) by dismissing his claims on procedural grounds. The defendant removed the case to this Court [Doc. 1], seeking to confirm the arbitrator's award. The parties have submitted well-reasoned briefs on this subject: the defendant filed opposition to Application to Vacate and Cross Application for Confirmation, pursuant to 9 U.S.C. § 9 and Conn. Gen. Stat. § 52-417 [Docs. 15, 19], and the plaintiff filed papers in the reverse [Doc. 18]. This ruling decides this pair of opposing applications.

## I. FACTS

The parties do not dispute the basic facts of the case [Doc. 15, Doc. 18, p.2]. Plaintiff

Vernon Anthony was employed with XBS from 2005 until January 31, 2009. On or about July 2006, XBS and Anthony entered into a binding agreement which provided that the parties would settle any employment disputes through binding arbitration in accordance with XBS's Dispute Resolution Plan ("DRP"). The DRP specifically covers all "disputes" "relating to or arising out of a current, former or potential employment relationship with the Company," including allegations of discrimination based on race and age [Doc. 15, Ex. 2]. Regarding the parties' rights, "the substantive legal rights, remedies, and defenses of all the Parties are preserved." *Id*. On the other hand, "the Plan shall not be construed to grant additional substantive, legal, or contractual rights, remedies or defenses which would not be applied by a court of competent jurisdiction in the absence of the Plan, including applicable time periods in which to bring such claims." *Id.*

After Anthony's employment was terminated, he filed a charge of discrimination with the Connecticut Commission on Human Rights and Responsibilities (CCHRR) and the Equal Employment Opportunity Commission (EEOC) alleging he was discriminated against because of his race, age and color [Doc. 15, Ex. 3]. On February 11, 2011, the EEOC issued Anthony a Notice of Right to Sue and Anthony had 90 days to file suit; on February 15, 2011, Anthony received a Release of Jurisdiction letter from the CCHRR and had 90 days to file his Demand for Arbitration [Doc. 15, Ex. 4, 5]. On or about June 15, 2011, almost 124 days after the Notice of Right to Sue was issued, Anthony filed a Demand for Arbitration with JAMS alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and Connecticut General Statutes § 46a-60(a)(l) and (4) [Doc. 15, Ex. 6].

On April 6, 2012, the arbitrator granted XBS's Motion to Dismiss and determined Anthony's

Demand for Arbitration was untimely as to all his claims because he had not commenced arbitration within 90 days of his Notice of Right to Sue and Release of Jurisdiction, and there was no equitable reason to support tolling. On May 3, 2012, the arbitrator issued a Final Award dismissing every claim asserted by the plaintiff in its entirety [Doc. 15, Ex. 8]. The plaintiff disagreed with the arbitrator's award, filing suit in state court, which the defendant then removed to federal court, as set forth above.

## II. DISCUSSION

The plaintiff seeks to vacate the Final Award on the grounds that the arbitrator far exceeded the scope of her authority stipulated in the DRP not to abridge the substantive rights of a party, by enforcing the ninety day statute of limitations set forth by Title VII of the Civil Rights Act of 1964. "Title VII claimant may file suit in federal court only if she has filed a timely complaint with EEOC and obtained a right-to-sue letter. See 42 U.S.C. §§ 2000e–5(e) and (f). Such a suit must be commenced not more than 90 days after receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1)." *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994); *See also Joseph v. Athanasopoulos*, 648 F.3d 58, 64 n.5 (2d Cir. 2011); *Oparaji v. N.Y.C. Dep't of Educ.*, 172 F. App'x. 352, 355 (2d Cir. 2006). The plaintiff argued that the arbitration is part of the plaintiff's administrative remedies, and thereby not subject to the ninety day rule, which applies to the commencement of litigation in courts [Doc. 18, p. 1].

This Court reviews the arbitrator's Final Award, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, which provides that the parties to an arbitration may apply to the courts for an order confirming the award within one year after the award is made, and "thereupon the court must grant such an order unless the award is vacated, modified, or corrected" as prescribed in §§ 10 and

11. *See also* Conn. Gen. Stat. §52-417. 9 U.S.C. § 10(a) of the FAA sets forth specific grounds for vacating arbitration awards: "corruption, fraud, or undue means in procurement of the award, evident partiality or corruption in the arbitrators, specified misconduct on the arbitrators' part, or 'where the arbitrators exceeded their powers.'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011); *Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994) (quoting 9 U.S.C. § 10(a)). The FAA supports a "strong presumption in favor of enforcing arbitration awards ... the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist." *Jock*, 646 F.3d at 121; *Wall St.*, 27 F.3d at 849. Thus, the Courts have "consistently accorded the narrowest of readings to section 10(a)(4) permitting vacatur where the arbitrator has exceeded her powers." *Jock*, 646 F.3d at 122 (internal quotations omitted).

"Accordingly, an arbitrator may exceed her authority by, first, considering issues beyond those the parties have submitted for her consideration, or, second, reaching issues clearly prohibited by law or by the terms of the parties' agreement." *Id.* The central question in the parties' dispute is whether the arbitrator has exceed her authority in deciding that the arbitration is subject to the same ninety day statute of limitations as litigation in the courts.

While there is a paucity of precedents in the Second Circuit addressing this issue, other Circuits and state courts have repeatedly held that the statute of limitations is within the scope of the arbitrator's authority. The Fourth Circuit ruled in *Miller v. Prudential Bache Securities, Inc.* that arbitrators' choice of law decision resulting in Maryland's statute of limitations barring investor's claim against brokerage did not provide basis for overturning arbitrators' decision. 884 F.2d 128, 130 (4th Cir. 1989). In the Third Circuit, a number of cases, federal and state, support the arbitrator's application of statutes of limitations. *See e.g., Dailey v. Legg Mason Wood Walker, Inc.*, No.

08–1577, 2009 WL 4782151, at *3 (W.D. Pa. Dec. 8, 2009) (The law supports "the arbitrators' decision to dismiss several of Plaintiff's claims based on applicable statutes of limitations," which can not be vacated because it is "not completely irrational.") (internal quotations omitted); *Holland v. GEICO Gen. Ins. Co.*, No. Civ.A. 00-4979, 2001 WL 1818099, at *2 (E.D. Pa. Dec. 05, 2001), *aff'd,* 62 F. App'x 415 (3d Cir. 2002) ("The statute of limitations issue is left for disposition by an arbitration panel."); *Merch. Mut. Ins. Co. v. Am. Arbitration Ass'n*, 248 A.2d 842, 844 (Pa. 1969) ("Since we have determined that the arbitrator has the power to consider all issues which relate to coverage under the Uninsured Motorists Clause . . . the issue of the applicability of the statute of limitations comes within the arbitrator's purview."). In addition, the District of Colorado declined to reconsider an earlier ruling that held the arbitrators did not exceed their powers to bar claims based on statute of limitations. *Barton v. Horowitz*, No. Civ.A. 97 N 1980, 2000 WL 35346163, at *2, 3 (D. Colo. Mar. 31, 2001).

Under the narrow standard of review proscribed to an arbitrator's decision and in face of the plethora of persuasive decisions, this Court's answer to the central inquiry must be no. The parties' contractual DRP is clear on its face that arbitration should not grant additional "rights, remedies, and defenses" beyond those available in the courts [Doc. 15, Ex. 2]. In fact, the DRP specifically notes "applicable time period in which to bring claims" as an example of the "rights, remedies, and defenses" that should not be augmented in arbitration. *Id.* The parties have not only contractually agreed to the arbitrator taking statute of limitations into account, but precluded from ignoring the statute of limitations, which would afford rights to parties not otherwise available in the courts. Since it is well-established law that an employment discrimination suit brought under Title VII would be barred after the expiration of the ninety day statute of limitations, short of major inequity

to support tolling, it was perfectly reasonable and within the scope of her power for the arbitrator to dismiss the plaintiff's claims as time barred.[1]

## III. CONCLUSION

For the foregoing reasons, this Court GRANTS the defendant's application to confirm the Arbitrator's Award and DENIES the plaintiff's application to vacate arbitration. The Clerk is ordered to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
April 2, 2014

*s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

[1] The plaintiff contended that because arbitration is part of administrative remedies, citing to several Connecticut state court cases, it is not subjected to the statute of limitations on the right to sue [Doc. 18, p.3]. Whether arbitration is a part of administrative remedies is irrelevant to whether the arbitrator may properly consider how statute of limitations would bear on the parties' legal rights. The parties have contractually granted the arbitrator, in clear language, the power to consider statute of limitations.